## MAURICE SCULLY *v.* LAURENCE KEARNS.

Where a debtor has resorted to a simulated sale, for the purpose of defrauding creditors, it is not necessary that a judgment creditor should proceed by the revocatory action, in order to have the sale annulled ; he is entitled to consider the sale as without reality and to seize the property, thus sold, as that of the vendor.

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*F. H. Clack,* for plaintiff and appellant. *W. S. Stansbury,* for defendant.

COLE, J. On the 10th of February, 1855, judgment was rendered in favor of *Laurence Kearns* against *John Cavanaugh,* for $225, with legal interest, for work done for the latter, and materials furnished by *Kearns,* in his vocation as a blacksmith, to the said *Cavanaugh.*

An execution issued, and the Sheriff seized a steam engine and boiler, and and some other movables, whereupon *Maurice Scully,* the plaintiff enjoined the sale, averring the property seized to be his.

There was judgment for defendant, dissolving the injunction, and plaintiff has appealed.

The testimony clearly establishes the sale of these movables from *Cavanaugh* to *Scully,* to have been simulated.

The price may, indeed, have apparently passed from *Scully* to *Cavanaugh,* but it is evident that the money was either advanced in part by *Cavanaugh* or by other persons, and that *Cavanaugh* returned the price.

It was never intended to be any thing but a sham sale for the purpose of defrauding *Kearns*. The price was never intended to be a real one, and *Cavanaugh* was not to keep the same.

Under such circumstances, the judgment creditor of the pretended vendor in this simulated sale, was not bound to proceed by the revocatory action, in order to have the sale annulled, but was entitled to consider the sale as without reality, and to seize the property as that of the vendor.

Judgment affirmed, with costs.